

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOSTMANN-STEINBERG, INC. f/k/a MICRO INKS CORPORATION, A Delaware corporation, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO.: |
| PRO LINE PRINTING, INC., a Texas corporation, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

**THE PLAINTIFF, HOSTMANN-STEINBERG INC. f/k/a MICRO INKS CORPORATION** ("Hostmann") and for its Complaint for Equitable and other Relief against the Defendant, **PRO LINE PRINTING, INC.** ("Pro Line"), states as follows:

### PARTIES

1. Hostmann is a Delaware corporation with its principal place of business in Kankakee, Illinois. Hostmann is engaged in the business of manufacturing and supplying various printing inks for use in the United States.

2. Pro Line is a Texas corporation with its principal place of business in Irving, Texas. Pro Line is engaged in the business of printing newspaper inserts, does business in Texas and may be served with process through its registered agent, John G. Brown, 101 Decker Drive, Suite 100, Irving, Texas 75062.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of

PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 1

interest and costs, and is between citizens of different states, as Hostmann is a Delaware corporation with its principal place of business in Illinois and Pro Line is a Texas corporation with its principal place of business in Texas.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because Pro Line resides in this district and a substantial part of the events giving rise to Hostmann's claims occurred in this district.

## COUNT 1
### (Breach of Contract)

5. Hostmann restates and realleges the allegations set forth in paragraphs 1-4 above, as if fully set forth herein.

6. On January 1, 2006, Hostmann and Pro Line entered into an Ink Supply Agreement (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A. The term of the Agreement was for thirty-six months, commencing on January 1, 2006, and ending on December 31, 2008. The Agreement referred to each 12-month period, beginning on January 1 and ending on December 31, as a "Supply Year."

7. Pursuant to the Agreement, Pro Line agreed to purchase from Hostmann printing inks for use at specific Pro Line locations in connection with Pro Line's printing business. The Agreement required Pro Line to purchase 90 percent of its aggregate ink purchases from Hostmann and a minimum of 12 million pounds of printing inks for each of the three Supply Years.

8. Pro Line's purchase of printing inks for the 2006 Supply Year was below the minimum 12 million pounds as required under the Agreement. As a result, Pro Line breached the Agreement.

9. Because of Pro Line's failure to purchase the minimum amount of printing inks under the Agreement, Hostmann suffered actual damages in an amount in excess of $75,000, including, but not limited to lost sales and lost profits.

10. Hostmann satisfactorily performed all of its obligations under the Agreement.

11. Plaintiff has been required to employ the undersigned attorneys in order to prosecute its claim for breach of contract.  Pursuant to Sec. 38.001, Texas Civil Practices and Remedies Code, Plaintiff is entitled to recover its reasonable attorneys' fees from Defendant.

**WHEREFORE,** Plaintiff, Hostmann-Steinberg Inc., requests this Court to enter judgment in its favor and against Defendant, Pro Line Printing, Inc., in an amount in excess of $75,000, plus interest, and such other relief as this Court deems fair and just.

**COUNT II**
**(Specific Performance)**

12. Hostmann restates and realleges the allegations set forth in paragraphs 1-10 above, as if fully set forth herein.

13. Currently, the Agreement continues between Hostmann and Pro Line. Pro-Line's obligations to purchase a minimum of 12 million pounds of printing inks for each Supply Year under the Agreement also continue

14. Pro Line is breaching the Agreement by failing to purchase enough printing inks such that it would be able to meet the minimum of 12 million pounds required under the Agreement for the 2007 Supply Year.

15. As a result, Hostmann is injured and will continue to be injured as a result of Pro Line's failure to perform its obligations under the Agreement.

16. There is no adequate remedy at law for Pro Line's failure to perform its obligations under the Agreement.

17. At all times relevant herein, Hostmann has satisfactorily performed all of its obligations under the Agreement.

## JURY DEMAND

Pursuant to F.R.C.P. Rule 38, Plaintiff demands a trial by jury of all issues.

**WHEREFORE**, the Plaintiff, Hostmann-Steinberg Inc., requests this Court to enter an Order in its favor and against Defendant, Pro Line Printing, Inc., requiring Pro Line to comply with the purchase requirements regarding printing inks for the 2007 Supply Year pursuant to the Agreement, and such other relief as this Court deems fair and just.

Respectfully submitted,

By: *William Dixon Wiles*
William Dixon Wiles
State Bar No. 21467800

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**
Suite 700, 15303 Dallas Parkway
Addison, Texas 75001
972-701-7000 (Telephone)
972-701-8765 (Fax)

**ATTORNEYS FOR PLAINTIFF**



**EXHIBIT "A"**

# INK SUPPLY AGREEMENT

THIS INK SUPPLY AGREEMENT is entered into by and between MICRO INKS CORPORATION, ("Micro") and PRO LINE PRINTING, INC., ("Pro-line") and is effective as of January 1, 2006 (the "Effective Date"). This Agreement replaces and supersedes all prior agreements between Micro and Pro-line.

1 **TERM**

   1.2.1 Unless terminated earlier, the term of this Agreement shall be for thirty six (36) months, commencing on January 1, 2006, and ending on December 31, 2008. For the purpose of this Agreement, each "Supply Year" shall begin on January 1, and shall end on December 31.

2 **VOLUMES, PRICING, PAYMENT AND OTHER TERMS**

   2.2 <u>Supply Quantity:</u> The quantity to be supplied for each of the Supply Years shall be at least 90% of Pro-line's aggregate ink purchases (in volume) subject to a minimum of 12 million lbs. The allocation of locations will be in order of

       Charlotte NC; 100% of Printing Ink requirements

       Avon, CT; 100% of Printing Ink requirements

       Dallas, TX; 100% of Printing Ink requirements

       Reno, NV; the balance of contract quantity specified above

   2.3 <u>Pricing</u>

   2.3.1 The prices of the current products will be as set forth on <u>Schedule A-1</u>. This price is guaranteed for a period of one year. The prices for subsequent years will be finalized and agreed 60 days prior to the commencement of the Supply Year. If Micro and Pro-line are unable to reach an agreement on the price applicable for any Supply Year, Pro-line, except for increases as specified in 2.3.2, has the right to terminate this Agreement with 60 days notice.

   2.3.2 The prices for any Supply Year will be higher by $0.02/lbs, if the actual purchase for the preceding Supply Year does not meet the minimum quantity commitments specified in Section 2.2.

   2.4 <u>Payment Terms</u>. Payment terms are net 30 days from the date of invoice. No extended payment terms will be allowed without prior consultation and consent of Micro.

   2.5 <u>Delivery:</u> All deliveries to Pro-line by Micro shall be FOB Pro-line's plant.

2.6 **Billing terms**: Invoicing of bulk shipments will be based on the meter reading of pump off scale tickets and the invoices will be generated upon the return of the trailer to Micro facility. In the case of tote shipments, the invoicing will be done every 15 days, based on receipt of consumption report from each Pro-line plant.

2.7 **Incentive**: Micro agrees to waive amortization of any and all incentive money.

3  **MISCELLANEOUS**

3.1 **Merger, Severability, and Waiver**. This Agreement constitutes the entire understanding between the parties with respect to the sale and purchase of all products between the parties. If any of the provisions of this Agreement are declared invalid, illegal or unenforceable, the validity of the remaining provisions shall not be affected. Waiver of any default or breach of this Agreement shall not constitute or be construed as a waiver of any other default or breach.

3.2 **Assignment**. Without the prior written approval of Micro Inks, Pro-line shall not permit any assignment, pledge or hypothecation of this contract or any rights hereunder. This Agreement shall inure to the benefit of and shall be binding upon the parties to this Agreement and their successors and permitted assigns.

3.3 **Termination**. Pro-line agrees that if there are quality issues with Micro's products, Micro will have sixty (60) days from the date of Pro-line's written notice to Micro to correct the quality issues to the satisfaction of Pro-line. If such issues are not cured to Pro-line's satisfaction within said sixty (60) day period, Pro-line shall have the right to terminate this Agreement effective upon the expiration of said sixty (60) day period, without any further liability hereunder.

3.4 **Amendment**. No amendment or modification of any of the provisions of this Agreement shall be binding upon the parties unless made in writing and signed by a duly authorized representative of each party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

MICRO INKS CORPORATION
By: _____
Name: Mononto
Title: VP (Operations)
Date: 02-08-06

PRO LINE PRINTING, INC.
By: _____
Name: JOHN G. BROWN
Title: CEO
Date: 1-1-06

## SCHEDULE A-1

*Pricing*

| Description | Price |
|---|---|
| Thermo Print Low tack Heatset Process Black | $0.78 |
| Thermo Print Low Tack Heatset Process Cyan | $1.19 |
| Thermo Print Low Tack Heatset Process Magenta | $1.19 |
| Thermo Print Low Tack Heatset Process Yellow | $1.09 |
| Set Price | $4.25 |

| Description | Price |
|---|---|
| Thermo Print High Tack Heatset Process Black | $1.17 |
| Thermo Print High Tack Heatset Process Cyan | $1.62 |
| Thermo Print High Tack Heatset Process Magenta | $1.60 |
| Thermo Print High Tack Heatset Process Yellow | $1.37 |
| Set Price | $5.76 |

Above prices are based on Tote or bulk quantities. Standard differentials apply in case of shipments in drums or kits.

%JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Hostmann-Steinberg Inc. f/k/a Micro Inks Corporation, a Delaware corporation

**DEFENDANTS**
Pro Line Printing, Inc.

3-07CV1064-N

**(b)** County of Residence of First Listed Plaintiff   Kankakee, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Dixon Wiles, Esq., Hiersche, Hayward, Drakeley & Urbach, PC
15303 Dallas Parkway, Suite 700, Addison, TX 75001 - 972-701-7000

Attorneys (If Known)
John W. Harris, Esq., Jordan, Dunlap, Prather & Harris, L.L.P.
Campbell Centre II, Suite 1800, 8150 N. Central Exprw., Dallas, TX 75206

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Breach of contract

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: JUNE 14, 2007
SIGNATURE OF ATTORNEY OF RECORD: *William Dixon Wiles*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

