IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOSTMANN-STEINBERG INC. f/k/a MICRO INKS CORPORATION, a Delaware corporation, § § § § Plaintiff, § § v. § § PRO LINE PRINTING, INC., § a Texas corporation, and JOHN HOWELL, § § Defendants. § | Civil Action No. 3:07-CV-1064-N |

## FIRST AMENDED COMPLAINT

The Plaintiff, HOSTMANN-STEINBERG INC. f/k/a MICRO INKS CORPORATION ("Hostmann") and for its First Amended Complaint against the Defendants, PRO LINE PRINTING, INC. ("Pro Line"), and JOHN HOWELL ("Howell"), states as follows:

## PARTIES

1.      Hostmann is a Delaware corporation with its principal place of business in Kankakee, Illinois. Hostmann is engaged in the business of manufacturing and supplying various printing inks for use in the United States.

2.      Pro Line is a Texas corporation with its principal place of business in Irving, Texas. Pro Line is a multi-facility, privately held producer of newspaper inserts.

3.      Howell resides in, and is a citizen of, North Carolina. Howell is a former sales representative for Hostmann. Howell currently is employed with INX International, Inc. ("INX") as a sales representative handling the Pro Line account for INX. Like Hostmann, INX is a producer of printing inks and coatings.

First Amended Complaint – Page 1

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as Hostmann is a Delaware corporation with its principal place of business in Illinois, Pro Line is a Texas corporation with its principal place of business in Texas and Howell is a citizen of North Carolina.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Pro Line resides in this district and a substantial part of the events giving rise to Hostmann's claims occurred in this district.

**COUNT I**
**(Breach of Contract - Pro Line)**

6.      Hostmann restates and realleges the allegations set forth in paragraphs 1-5 above, as if fully set forth herein.

7.      On January 1, 2006, Hostmann and Pro Line entered into an Ink Supply Agreement (the "Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  The term of the Agreement was for thirty-six months, commencing on January 1, 2006, and ending on December 31, 2008.  The Agreement referred to each 12-month period, beginning on January 1 and ending on December 31, as a "Supply Year."

8.      Pursuant to the Agreement, Pro Line agreed to purchase from Hostmann printing inks for use at specific Pro Line locations in connection with Pro Line's printing business.  The Agreement required Pro Line to purchase 90 percent of its aggregate ink purchases from Hostmann and a minimum of 12 million pounds of printing inks for each of the three Supply Years.

9. Pro Line's purchase of printing inks for the 2006 Supply Year was below the minimum 12 million pounds as required under the Agreement. As a result, Pro Line breached the Agreement.

10. Because of Pro Line's failure to purchase the minimum amount of printing inks under the Agreement for the 2006 Supply Year, Hostmann suffered actual damages in an amount in excess of $75,000, including, but not limited to lost sales and lost profits.

11. Hostmann satisfactorily performed all of its obligations under the Agreement.

WHEREFORE, Plaintiff, Hostmann-Steinberg Inc., requests this Court to enter judgment in its favor and against Defendant, Pro Line Printing, Inc., in an amount in excess of $75,000, plus interest, and such other relief as this Court deems fair and just.

## COUNT II
### (Breach of Contract - Pro Line)

12. Hostmann restates and realleges the allegations set forth in paragraphs 1-11 above, as if fully set forth herein.

13. The Agreement provided that the parties finalize and agree on the prices for Pro Line's purchase of printing inks for each subsequent Supply Year sixty (60) days prior to the commencement of each Supply Year.

14. In September 2006, representatives of Hostmann and Pro Line had a meeting to discuss pricing for the 2007 Supply Year. During the meeting, the parties agreed to maintain the same pricing for the 2006 Supply Year through 2007. In October 2006, Hostmann confirmed with Pro Line the parties' agreement on pricing for the 2007 Supply Year.

15. Pro Line's obligations to purchase a minimum of 12 million pounds of printing inks for each Supply Year under the Agreement continued through 2007.

16. Pro Line's purchase of printing inks for the 2007 Supply Year was below the minimum 12 million pounds as required under the Agreement. As a result, Pro Line breached the Agreement.

17. Because of Pro Line's failure to purchase the minimum amount of printing inks under the Agreement for the 2007 Supply Year, Hostmann suffered actual damages in an amount in excess of $75,000, including, but not limited to lost sales and lost profits.

18. Hostmann satisfactorily performed all of its obligations under the Agreement.

WHEREFORE, Plaintiff, Hostmann-Steinberg Inc., requests this Court to enter judgment in its favor and against Defendant, Pro Line Printing, Inc., in an amount in excess of $75,000, plus interest, and such other relief as this Court deems fair and just.

## COUNT III
### (Breach of Fiduciary Duty - John Howell)

19. Hostmann restates and realleges the allegations set forth in paragraphs 1-11 above, as if fully set forth herein.

20. At all relevant times herein and until August 25, 2006, Howell served as a sales representative for Hostmann handling the Pro Line business.

21. As a sales representative of Hostmann, Howell had a fiduciary relationship with Hostmann. As a fiduciary to Hostmann, Howell owed a duty of good faith and fair dealing. Howell had a duty to place the interests of Hostmann before his own, act primarily for the benefit of Hostmann in matters connected with his agency and to fully disclose to Hostmann information about matters affecting Hostmann's business. Howell also had a duty not to compete with Hostmann on his own account in matters relating to the subject matter of the agency and the duty to deal fairly with Hostmann in all transactions between them. In addition, Howell had a duty not to solicit Hostmann's customers while still working for Hostmann.

**First Amended Complaint – Page 4**

22. Howell, while acting as a sales representative for Hostmann, breached his fiduciary duty to Hostmann by committing one or more of the following acts and/or omissions:

   a. Solicited Pro Line to buy ink from INX rather than Hostmann pursuant to the Agreement for the remainder of 2006;

   b. Promised INX that he could secure 2 million pounds of ink purchases from Pro Line by the end of 2006 as a sales representative for INX;

   c. Failed to disclose to Hostmann his intentions to secure the Pro Line business with INX and handle the account as a sales representative for INX.

   d. Used his position as sales representative for Hostmann handling the Pro Line account to gain a business opportunity, belonging to Hostmann, to continue to provide printing ink for Pro Line's business;

   e. Placed himself in a situation where his own individual interests to handle the Pro Line account for INX interfered with the performance of his fiduciary duties to Hostmann.

23. As a proximate result of Howell's acts and/or omissions, Hostmann's financial condition was damaged in that it was unable to pursue its own business opportunity to continue to provide printing ink to Pro Line through at least the remainder of 2006 pursuant to the Agreement.

## JURY DEMAND

Pursuant to F.R.C.P. Rule 38, Plaintiff demands a trial by jury of all issues.

WHEREFORE, Plaintiff, Hostmann-Steinberg Inc., requests this Court to enter judgment in its favor and against Defendant, John Howell, in an amount in excess of $75,000, plus interest, and such other relief as this Court deems fair and just.

Respectfully submitted,

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**


By:  */s/ William Dixon Wiles*
      William Dixon Wiles
      State Bar No. 21467800

Suite 700, 15303 Dallas Parkway
Addison, Texas 75001
Telephone:   972-701-7000
Facsimile:   972-701-8765

Marc S. Silver
James E. Michel
**BARNES & THORNBURG LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone:   (312) 357-1313
Facsimile:   (312) 759-5646

### CERTIFICATE OF SERVICE

I certify that on September 29, 2008, a true and correct copy of the foregoing document was mailed by certified mail, return receipt requested, and also provided by electronic mail to the following counsel of record:

Charles L. Perry
Andrews Kurth
1717 Main St., Suite 3700
Dallas, TX  75201

M. Scott McDonald
Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931